[Cite as *State v. Deanda*, 2012-Ohio-408.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 13-10-23

     v.

DAVID L. DEANDA,                  O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Seneca County Common Pleas Court
Trial Court No. 09-CR-0210

Judgment Reversed and Cause Remanded

Date of Decision:   February 6, 2012


APPEARANCES:

    *John M. Kahler, II* **for Appellant**

    *Derek W. DeVine and Rhonda L. Best* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant David L. Deanda ("Deanda") brings this appeal from the judgment of the Court of Common Pleas of Seneca County finding him guilty of felonious assault and sentencing him to seven years in prison. For the reasons set forth below, the judgment is reversed.

{¶2} On September 19, 2009, Deanda was involved in a fight with David B. Swartz ("Swartz"). During the fight, Deanda grabbed a knife and proceeded to stab the victim multiple times in the neck and chest. Deanda was yelling that he was going to kill Swartz. When the police and emergency medical technicians arrived, Deanda continued to yell that he was going to kill Swartz. Swartz was eventually life flighted to a hospital due to his injuries.

{¶3} On September 23, 2009, the Seneca County Grand Jury indicted Deanda on one count of attempted murder, a felony of the first degree, in violation of R.C. 2923.02 and 2903.02(A). A jury trial was held from May 17 to May 21, 2010. At the conclusion, the jury convicted Deanda of the lesser included offense of felonious assault, a felony of the second degree. On May 21, 2010, a sentencing hearing was held. The trial court sentenced Deanda to serve seven years in prison. Deanda appeals from these judgments and raises the following assignments of error.

**First Assignment of Error**

**The trial court erred to the prejudice of [Deanda] by permitting [the State] to introduce various instances of inadmissible hearsay testimony over the objection of the defense in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution.**

**Second Assignment of Error**

**The trial court erred to the prejudice of [Deanda] by denying the proffered testimony of Joey Deanda and Vicki Deanda into evidence.**

**Third Assignment of Error**

**[Deanda's] conviction should be overturned because certain statements made during the prosecution's rebuttal argument at closing amounted to prosecutorial misconduct.**

**Fourth Assignment of Error**

**[Deanda's] conviction should be overturned because the trial court's instruction of felonious assault as a lesser included offense of attempted murder is erroneous and thus the trial court committed plain error.**

**Fifth Assignment of Error**

**[Deanda's] conviction was against the manifest weight of the evidence.**

In the interest of clarity, we will address the assignments of error out of order.

**{¶4}** The fourth assignment of error alleges that the trial court erred by instructing the jury that felonious assault is a lesser included offense of attempted murder. "[A] criminal offense may be a lesser included offense of another if (1)

the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some elements of the greater offense is not required to prove the commission of the lesser offense." *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240 (citing *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294. The Ohio Supreme Court in *Barnes* determined that R.C. 2903.11(A)(2) is not a lesser included offense of R.C. 2903.02(A) and R.C. 2923.02(A). Id.

{¶5} However, the Ohio Supreme Court did modify this test in *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889. In *Evans*, the Supreme Court removed the word "ever" from the test and set up a modified test. Id. at ¶25.

> **In determining whether an offense is a lesser included offense of another, a court shall consider whether one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed.**

Id. at paragraph 2 of the syllabus. When reviewing the offenses, the offenses must be examined in the abstract and the specific facts of the case may not be considered. Id. at ¶25.

The state contends that the strict comparison of elements required by the second part of the *Deem* test has produced incongruous and illogical results that fail to hold criminal defendants accountable for crimes in the absence of indictments for each related offense. The state urges us to modify the second part of the *Deem* test to permit courts to consider the particular facts and circumstances of each case in determining whether one offense is a lesser included offense of another, or to consider whether "the offenses are so similar that the commission of one offense will necessarily result in commission of the other," as we have done in our analogous test for allied offenses of similar import. * * *

On the other hand, [the defendant] contends that adoption of the state's fact-based approach will impinge upon a criminal defendant's constitutional right to a grand jury indictment, permitting convictions for offenses that were either considered and rejected or never even contemplated by the grand jury. He asserts that the state's proposed test would create uncertainty for prosecutors, defendants, and the courts by making it impossible to predict, before trial, what lesser included offenses would be at issue. In addition, [the defendant] argues that because we have previously held that robbery is not a lesser included offense of aggravated robbery, applying a contrary ruling would violate his due process rights.

We have consistently held that in applying *Deem* to lesser included offenses, " ' " 'the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense.' " " " * * * Indeed, in *Barnes*, we rejected the state's request that we consider the specific facts of the case in determining whether felonious assault with a deadly weapon was a lesser included offense of attempted murder. * * * But we note that the facts of a case *are* relevant in determining whether a court should instruct the jury on a lesser included offense. Specifically, we have stated that after the three parts of the *Deem* test are met, "[i]f the evidence is such that a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant

> **of the lesser included offense, then the judge should instruct the jury on the lesser included offense."** * * * **Based upon the foregoing, we decline the state's invitation to abandon our precedent in this regard.**

Id. at ¶11-13. Although the words need not be identical, the elements must match in such a way that one cannot commit the greater offense without committing the lesser offense. Id. at ¶22.

{¶6} In this case, Deanda was charged with a violation of R.C. 2903.02(A) and R.C. 2923.02(A), attempted murder. He was convicted of felonious assault in violation or R.C. 2903.11(A)(1). A review of the offenses in this case show that attempted murder, as charged, was a felony of the first degree, and felonious assault, as convicted, was a felony of the second degree. Thus, there is a greater potential punishment for the attempted murder charge than the felonious assault charge. Thus, the first part of the *Deem* test is met.

{¶7} Next we look at the statutory elements in the abstract. "No person shall purposely cause the death of another * * *." R.C. 2903.02(A). "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). "[A] person is guilty of attempted murder when he or she 'purposely * * * engage[s] in conduct that, if successful, would constitute or result in' the purposeful killing of another."

*Barnes*, 94 Ohio St.3d at 26. Deanda was found guilty of violating R.C. 2903.11(A)(1), which states that no person shall knowingly cause serious physical harm to another. R.C. 2903.11(A)(1). In this case, the offense of attempted murder did require the State to prove an additional element, that the serious physical harm could result in death. Thus, the second part of the *Deem* test is met.

{¶8} Finally, this court must determine whether the greater offense can be committed without committing the lesser offense as statutorily defined. Despite the State's argument to the contrary, it is possible to commit attempted murder without violating R.C. 2903.11(A)(1). For example, if one were to put cyanide in another's food, but the intended victim does not eat it, the first party is still guilty of attempted murder because they purposely committed the act that, if successful, would result in the death of the victim. However, the first party would not have violated R.C. 2903.11(A)(1) because no serious physical harm occurred.[1] Following the reasoning of the Ohio Supreme Court in *Barnes*, this court must find that R.C. 2903.11(A)(1) is not a lesser included offense of attempted murder. Since Deanda was neither indicted on felonious assault, nor is it a lesser included offense of attempted murder, it is an error affecting a substantial right and is thus reversible error. The fourth assignment of error is sustained.

---

[1] This court would find however that attempted felonious assault is a lesser included offense of attempted murder because you cannot attempt to cause the death of another without attempting to cause serious physical harm.

{¶9} The dissent argues that given the facts of this case, the very acts which formed the basis of the attempted murder charge were felonious assault. We agree. The dissent then concludes that under the facts of this case, we should find that felonious assault is a lesser included offense of attempted murder. This conclusion is not supported by the holding in *Evans*, which clearly stated that the individual facts of the case may *not* be considered.[2] Instead, the *Evans* court specifically stated that we must consider whether the greater offense cannot be committed without committing the lesser offense. Id. at ¶26.

{¶10} In the first assignment of error, Deanda claims that the trial court erred by allowing hearsay testimony to be presented over objection by the defense. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Unless the statement meets one of the exceptions to the rule, hearsay is not admissible in a trial. Evid.R. 802.

{¶11} In support of his argument, Deanda presents four statements that he claims should have been excluded. The first is Officer Laverne Keefe's statement that Swartz had stated that Deanda was the person who injured him. Tr. 176-77. The third and fourth instances of hearsay statements were found in the testimony of Lieutenant Michelle Craig. She testified that Swartz called and said the

---

[2] We note, as does the dissent herein, that the Supreme Court in its analysis does appear to consider the facts. However, the Supreme Court specifically said we may not do so. We must do as they say.

hospital was going to keep him and that Deanda was the one who caused the injuries. Tr. 476-77. Deanda's counsel objected on the basis of hearsay, but the objections were overruled. No exception exists for identity. The first statement was made after the scene was secure and Deanda was being escorted away. The other two statements were made in a phone call to the police station made by Swartz from the hospital. There is no indication in the record that the statements meet any of the exceptions set forth in Evid.R. 803. Repeating the out of court statement of the victim that the defendant was the one responsible for his injuries and that the hospital was keeping him was meant to persuade the jury that the defendant was guilty and is thus a hearsay statement.

{¶12} The second instance of hearsay to which Deanda objects is a statement by Detective Shawn Vallery as to what he was told by an unidentified forensic nurse at St. Vincent's Medical Center concerning the condition of the victim. The statements of an unidentified third party concerning the injuries to the victim are hearsay. The State argues that these statements were merely offered to show how the investigation progressed. Although this may be true as well, the statements themselves were also offered to prove the truth of the matter asserted, i.e. the extent of the injuries. The witness could have explained the progress of the investigation without repeating the statements of third parties. However, since this court has already determined that prejudicial error occurred, the issue raised in the

first assignment of error of whether the admission of hearsay statements is prejudicial or harmless error is moot and will not be addressed by this court.

{¶13} Having found prejudicial error in the fourth assignment of error, the second, third, and fifth assignments of error are also moot and need not be addressed. The judgment of the Court of Common Pleas of Seneca County is reversed and the matter is remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**ROGERS, J. concurs.**

**SHAW, P.J., DISSENTS**

{¶14} The majority concludes that because it is *possible in the abstract*, to conceive of a factual scenario where one might commit attempted murder without committing felonious assault, that felonious assault cannot be a lesser included offense of attempted murder in the case before us. The "abstract possibility analysis" derives from the second prong of a three part test set forth in *State v. Deem*, (1988), 40 Ohio St.3d 205. Specifically, the *Deem* test stated that before a trial court may instruct upon a lesser included offense, the court must find that "the greater offense cannot, as statutorily defined, *ever* be committed without the

lesser offense, as statutorily defined, also being committed." *Deem* at paragraph three of the syllabus (Emphasis added).

{¶15} The majority further cites the subsequent decision of the Ohio Supreme Court in *State v. Barnes,* (2002), 94 Ohio St.3d 21, which also strictly relied upon the *Deem* test, in order to determine that felonious assault was not a lesser included offense of attempted murder.

{¶16} However, in *State v. Evans,* (2009), 122 Ohio St.3d 381, the Supreme Court of Ohio acknowledged the implausible results that courts were reaching in attempting to follow the purely hypothetical and speculative analysis that seemed to be mandated by the language of the *Deem* test. As a result, the Court in *Evans* expressly rejected the use of abstract possibilities as the primary tool of analysis for lesser included offenses in Ohio and modified the language of *Deem* accordingly, by specifically deleting the word "ever" from the second prong of the *Deem* test. See *Evans*, at 383. As the Court stated, this was done to ensure that implausible scenarios advanced by the parties to suggest the remote possibility that one offense could conceivably be committed without the other being committed would no longer "derail a proper lesser included offense analysis." *Id*. at 387.

{¶17} Thus the "clarified" test for lesser included offenses in Ohio, as announced by *Evans*, now states:

> **In determining whether an offense is a lesser included offense of another, a court shall consider whether one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense, as statutorily defined, cannot be committed without the lesser offense as statutorily defined also being committed. (State v. Deem (1988), 40 Ohio St.3d 205, clarified.)**

*Evans* at second paragraph of the syllabus.

{¶18} The *Evans* court declined to further modify *Deem* by adopting a test for lesser included offenses based entirely on the facts and circumstances of each case. *Evans* at 386. However, it is also clear that under *Evans* the factual context of a case is no longer entirely irrelevant, and may be considered, both in conducting a more pragmatic comparison of statutory elements than permitted by *Deem*, and insofar as it may be necessary to determine whether the evidence supports an instruction on the lesser charge.

> **But we note that the facts of a case *are* relevant in determining whether a court should instruct the jury on a lesser included offense. Specifically, we have stated that after the three parts of the Deem test are met, 'if the evidence is such that a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense, then the judge should instruct the jury on the lesser included offense.' (Emphasis in original) (Citations omitted.)**

*Evans* at 385.

{¶19} In concluding that robbery was a lesser included offense of aggravated robbery in the case before it, the *Evans* court was called on to

determine whether the conduct of "displaying, brandishing, indicating possession, or using a deadly weapon" in the attempt or commission of a theft offense as stated in the greater offense of aggravated robbery, [R.C. 2911.01(A)(1)], also constituted "a threat to inflict physical harm" in the attempt or commission of a theft offense, as defined in the lesser offense of robbery, [R.C. 2911.02(A)(2)].

{¶20} The *Evans* court's rationale in reaching an affirmative answer is instructive to the case before us:

> **While these elements are not identically phrased, we have recognized: 'The test is not a word game to be performed by rote by matching the words chosen by the legislature to define criminal offenses. Some offenses, such as aggravated murder and murder, lend themselves to such a simple matching test; others do not. * * * We would also note that the elements of the offenses are 'matched' only * * * to determine if 'some element' of the greater offense is not found in the lesser offense. *The proper overall focus is on the nature and circumstances of the offenses as defined, rather than on the precise words used to define them*. (Citation omitted). Thus, the test does not require identical language to define the two offenses, but focuses upon whether the words used in the statute defining the greater offense will put the offender on notice that an indictment for that offense could also result in the prosecution of the lesser included offense.**

*Evans* at 386. (Emphasis added.)

{¶21} Under the quoted language from *Evans*, set forth above, the reference to the "*circumstances* of the offenses as defined" necessarily implies that at the very least, the factual conduct described in the statutory offense is relevant to

provide a realistic context for conducting the necessary comparisons of statutorily defined offenses. Additionally, as the *Evans* court does in the aggravated robbery/robbery comparisons conducted below, the statutory offenses are now to be examined for possible compatibility instead of for any possible incompatibility as in *Deem*.

{¶22} In *Evans*, the two statutory offenses at issue describe conduct in sufficient detail such as "displaying a deadly weapon" and a "threat to inflict physical harm" to enable the court to make the comparisons necessary to determine whether one type conduct also included the other in that case    Thus, upon first concluding on its own rationale that "the threat of physical harm" in the robbery statute need not be explicit, but could also be an *implied* threat, the *Evans* court was then able to compare the conduct described in the aggravated robbery offense with the conduct described in the robbery statute and conclude that *"[o]ne cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without conveying an implied threat to inflict physical harm. It is the very act of displaying, brandishing, indicating possession, or using the weapon that constitutes the threat to inflict harm because it intimidates the victim into complying with the command to relinquish property without consent."*  (Emphasis added.) *Evans* at 386.

**{¶23}** However, unlike *Evans*, in the case before us, the operative language of the attempted murder statute is only the allegation that the defendant did "engage in *conduct* that, if successful, would constitute or result in the offense" [of murder]. (Emphasis added.) The element of "conduct" as used in the attempt statute [R.C. 2923.02(A)] is unique in that it carries no further statutory definition or description of its own but instead, clearly requires the incorporation of whatever elements are present in the offense attempted, in this case the offense of murder.

**{¶24}** One could argue that as the only available reference for any comparison or analysis, the undefined word "conduct" as used in the attempt statute not only invokes, but necessarily requires reference to the factual allegations of conduct in any given case in order to conduct a proper lesser included offense analysis for an attempt charge under *Evans*. In this case, the multiple stabbings and serious physical harm alleged would be more than sufficient to satisfy any such lesser included offense analysis. However, because the same result can be reached in the case before us by conducting the same analysis of statutory language as conducted in *Evans*, without reference to the specific facts and circumstances in evidence, it is unnecessary to further address or rely upon this interpretation at this time.

**{¶25}** In any event, under the *Evans* test, the language of the attempted murder charge not only permits, but necessarily requires, closer examination of the

"statutory circumstances" of the attempted murder offense and the felonious assault offense charged in this case, and then if necessary, reference to the specific factual allegations and/or conduct in evidence in order to make a proper lesser included offense analysis.  See *Evans* at 385. Thus, just as the *Evans* court had to determine whether the conduct of "displaying, brandishing, indicating possession, or using a deadly weapon" in an aggravated robbery offense also constituted a "threat to inflict physical harm" for purposes of a robbery offense, the only relevant question for this court to determine is whether the conduct of  "knowingly causing serious physical harm" to the extent that if successful it would constitute purposely causing the death of another also constitutes "knowingly causing serious physical harm".

{¶26} Applying the statutory circumstances analysis of *Evans* to the case before us then, it is clear that the defendant could not "engage in conduct" *(knowingly causing serious physical harm)* that if successful (*serious enough to produce death)* would constitute purposefully causing the death of the victim [attempted murder as defined in R.C.2923.02(A)/R.C. 2903.02(A)], without also engaging in conduct that would constitute *knowingly causing serious physical harm* to that victim [felonious assault as defined in R.C. 2903.11(A)(1)].   Since this is also the scenario that is actually reflected in the evidence of this case, the instruction on the lesser included offense of felonious assault was warranted on

-16-

both statutory and evidentiary grounds, and in any event, did not constitute plain error.

{¶27} Based on the foregoing, I respectfully dissent from the decision of the majority to reverse this conviction. The trial court was correct to instruct the jury on the lesser included offense of felonious assault in this case. The fourth assignment of error should be overruled and this court should address the merits of the remaining assignments of error.

**/jlr**