[Cite as *State v. Conley*, 2012-Ohio-4249.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MICHAEL D. CONLEY

    Appellant

C.A. No.    25839

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.    10 CRB 1918A
                10 CRB 1918B

DECISION AND JOURNAL ENTRY

Dated: September 19, 2012

MOORE, Judge.

{¶1}    Appellant, Michael Conley, appeals his conviction for disorderly conduct by the Barberton Municipal Court. This Court affirms in part and reverses in part.

I

{¶2}    Deputy Michael Conley responded to a dispatch describing a fight in progress in Coventry Township. As he drove around the area, a car crashed into the side of his cruiser, disabling both vehicles. During the events that followed, Conley used force against the occupants of the car. The driver and one of the passengers later complained that Conley kicked them multiple times. After an internal investigation, Conley was charged with two counts of assault. The trial court found him not guilty of assault, but guilty of disorderly conduct in violation of R.C. 2917.11(A) and R.C. 2917.11(E)(3)(c), which provides that disorderly conduct is a fourth-degree misdemeanor when committed in the presence of a law enforcement officer.

For each offense, the trial court sentenced Conley to thirty days in jail and fined him $250. Conley appealed.

II

## ASSIGNMENT OF ERROR I

**[CONLEY'S] CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED BY FINDING [HIM] GUILTY OF FOURTH-DEGREE MISDEMEANOR DISORDERLY CONDUCT, OHIO REV. CODE § 2917.11(A), SINCE FOURTH-DEGREE MISDEMEANOR DISORDERLY CONDUCT IS NOT A LESSER INCLUDED OFFENSE OF ASSAULT, OHIO REV. CODE § 2903.13(A).**

{¶3}    In his first assignment of error, Conley argues that the trial court erred by finding him guilty of disorderly conduct in the presence of a law enforcement officer, which is a fourth-degree misdemeanor.  Specifically, Conley argues that the elements of disorderly conduct, when enhanced under R.C. 2917.11(E)(3)(c), do not correspond with the elements of assault and, as a result, disorderly conduct is not a lesser included offense of assault.  The State has conceded this error.

{¶4}    When a court considers whether one offense is a lesser included offense of another, it must consider three factors: (1) whether the penalty of one offense is greater than the other, (2) whether the greater offense includes an element that need not be proved with respect to the latter, and (3) "whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed." *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, paragraph two of the syllabus.  Lesser included offenses do not have to be separately charged in an indictment because "the indictment or count necessarily and simultaneously charges the defendant with lesser included offenses as well." *State v. Lytle*, 49 Ohio St.3d 154, 157 (1990).  Thus, a trial court may find insufficient evidence of a charged offense, yet ultimately convict the defendant of a lesser included offense without offending the

concept of due process. *See Evans* at ¶ 4, 33 (In a bench trial, the trial court did not err by granting the defendant's motion for acquittal with respect to the charged offense, but finding him guilty of a lesser included offense.).

{¶5} Errors regarding lesser included offenses are challenged on appeal in two ways. Most commonly, a defendant challenges the trial court's failure to instruct a jury about lesser included offenses. In a smaller number of cases, as in this case, the defendant has been convicted of an offense, but argues that it was not actually a lesser included offense of what was charged. In the latter scenario, when a trial court incorrectly concludes that one offense is a lesser included offense of another, reversible error results. *See e.g. State v. Deanda*, 3d Dist. No. 13-10-23, 2012-Ohio-408, ¶ 8; *State v. Munday*, 9th Dist. No. 2082-M, 1992 WL 209370, *2 (Aug. 26, 1992).

{¶6} In this case, the State concedes that it was error for the trial court to find Conley guilty of disorderly conduct in the presence of a law enforcement officer. We agree, and conclude that the appropriate result is to return the matter to the trial court to proceed from the point at which the error happened. *See generally State v. Filiaggi*, 86 Ohio St.3d 230, 240 (1999), citing *Montgomery Cty. Commrs. v. Carey*, 1 Ohio St. 463 (1853), paragraph one of the syllabus, and *State ex rel. Stevenson v. Murray*, 69 Ohio St.2d 112, 113 (1982). Rather than entering judgment finding Conley guilty of minor misdemeanor disorderly conduct, as the State urges us to do, we remand this matter so that the trial court can determine whether Conley is guilty of a lesser included offense of assault. Conley's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

**[CONLEY'S] CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED IN DENYING [HIS] OHIO CRIMINAL RULE 29 MOTION FOR ACQUITTAL AT EITHER THE CLOSE OF THE STATE'S EVIDENCE OR THE CLOSE OF ALL EVIDENCE, BASED ON THE PROSECUTION'S FAILURE TO PROVE [HE] COMMITTED THE CRIME OF ASSAULT BEYOND A REASONABLE DOUBT.**

**{¶7}** In his second assignment of error, Conley argued that because neither of the victims testified that he was injured by Conley's actions, the State failed to present sufficient evidence of assault.

**{¶8}** As this Court has noted in the past, challenges to the sufficiency of the evidence presented at trial are rarely moot. *See e.g. State v. Vanni*, 182 Ohio App.3d 505, 2009-Ohio-2295, ¶ 14 (9th Dist.). *See also State v. Bedford*, 184 Ohio App.3d 588, 2009-Ohio-3972, ¶ 16-20 (9th Dist.) (Whitmore, J., concurring). This case is distinguishable, however, because Conley challenges the sufficiency of the evidence with respect to the assault charge of which he was acquitted rather than the disorderly conduct charge of which he was allegedly erroneously convicted. His assignment of error provides the roadmap for our review and guides our analysis. *See generally State v. Brown*, 9th Dist. No. 23637, 2008-Ohio-2670, ¶ 24. Because Conley was acquitted of the assault charge, he cannot be retried for assault, and we need not address sufficiency in that respect. With respect to lesser included offenses, and in light of our resolution of Conley's first assignment of error, the matter is remanded to the trial court. Thus, it would be premature to address sufficiency at this time. *See e.g. State v. Britton*, 181 Ohio App.3d 415, 2009-Ohio-1282, ¶ 59-60 (2d Dist.) (noting the trial court's inherent authority to find a defendant guilty of lesser included offenses in the course of a bench trial and remanding). Given the procedural posture of this case, we therefore decline to address Conley's second assignment of error.

## ASSIGNMENT OF ERROR III

**[CONLEY'S] CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT'S FINDING DEFENDANT GUILTY OF DISORDERLY CONDUCT, OHIO REV. CODE § 2917.11(A), IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.**

## ASSIGNMENT OF ERROR IV

**[CONLEY'S] CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED BY FINDING [HIM] GUILTY OF FOURTH-DEGREE MISDEMEANOR DISORDERLY CONDUCT, OHIO REV. CODE § 2917.11(A), WITH AGGRAVATING CIRCUMSTANCES SET FORTH IN OHIO REV. CODE § 2917.11(E)(3)(C), SINCE SUBSECTION (E)(3)(C) IS NOT APPLICABLE IN A PROSECUTION AGAINST A LAW ENFORCEMENT OFFICER IN PERFORMANCE OF HIS OR HER OFFICIAL DUTIES.**

## ASSIGNMENT OF ERROR V

**[CONLEY'S] CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED BY FINDING [HIM] GUILTY OF FOURTH-DEGREE MISDEMEANOR DISORDERLY CONDUCT, OHIO REV. CODE § 2917.11(A), AS SUCH FINDING IS CONTRARY TO PUBLIC POLICY SINCE A LAW ENFORCEMENT OFFICER EFFECTUATING AN ARREST CANNOT BE FOUND GUILTY OF RECKLESSLY CAUSING "INCONVENIENCE, ANNOYANCE, OR ALARM" IN THE PERFORMANCE OF HIS OR HER OFFICIAL DUTIES.**

**{¶9}** In light of our resolution of Conley's first assignment of error, his third, fourth, and fifth assignments of error are moot. *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR VI

**[CONLEY'S] CONVICTION MUST BE REVERSED BECAUSE THE TRIAL COURT ERRED BY FAILING TO DISMISS THE CHARGES AGAINST DEFENDANT DUE TO A CONFLICT OF INTEREST THAT AROSE FROM THE CITY OF BARBERTON PROSECUTOR'S FAILURE TO RECUSE HERSELF FROM THIS MATTER PRIOR TO BRINGING CHARGES AGAINST DEPUTY CONLEY AND PRIOR TO THE ASSIGNMENT OF A SPECIAL PROSECUTOR.**

{¶10} Conley's final assignment of error argues that the trial court erred by denying his motion to dismiss the charges against him. According to Conley, the case against him was tainted from its inception by a conflict of interest with the prosecuting attorney.

{¶11} Conley's argument is misplaced for several reasons. The record does not demonstrate the existence of a conflict of interest on the part of the Barberton prosecutor. In his motion to dismiss, Conley relied on the deduction that because a special prosecutor was appointed, a conflict of interest must have precipitated that decision. A special prosecutor may be appointed, however, "whenever * * * the public interest requires it[.]" R.C. 2941.63. The facts underlying the appointment of the special prosecutor are not in the record, and the appointment itself does not establish the extent of any conflict that may have existed. Even assuming that a conflict of interest did exist, the record demonstrates that a special prosecutor had assumed responsibility for the case as early as November 24, 2010, approximately two months before trial and before the Barberton prosecutor filed any pleadings in the case. According to the special prosecutor, she conducted her own review of the case and determined that it should proceed. Any possible taint, therefore, was removed by her appointment. Conley's sixth assignment of error is overruled.

### III

{¶12} Conley's first assignment of error is sustained. His second assignment of error is premature, and his sixth assignment of error is overruled. Conley's third, fourth, and fifth assignments of error are moot. The judgment of the Barberton Municipal Court is affirmed in part and reversed in part, and this matter is remanded for proceedings consistent with our resolution of Conley's first assignment of error.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
CONCURS.

CARR, P.J.
CONCURRING.

{¶13} I concur with the conclusion reached by the majority, but write separately to explain what I believe should happen on remand in light of the procedural posture of this case.

{¶14} The State conceded that it was error for the trial court to find Conley guilty of disorderly conduct in the presence of a law enforcement officer. The State asked this Court to find Conley guilty of minor misdemeanor disorderly conduct and remand for resentencing. Conley argued that this was also not a lesser included offense and, therefore, this Court should not find him guilty of it.

{¶15} Both Conley and the State asked this Court to make decisions that should be made by the trial court in the first instance. Upon remand, the trial court should first decide whether there is an appropriate lesser included offense to consider. Here, the trial court has already found that Conley is not guilty of assault, a first degree misdemeanor. After deciding that he was not guilty of a higher degree offense, the trial court continued to consider lesser degree offenses, moving down in degree until finding an offense that it decided was a lesser included offense and for which the State presented sufficient evidence.

{¶16} By attempting to find Conley guilty of a fourth degree misdemeanor, it must be presumed the trial court determined that there were no second, third, or fourth degree misdemeanor offenses that were appropriate for conviction. On remand, therefore, the trial court will be limited to considering minor misdemeanor offenses. If the trial court identifies a proper lesser included offense, it must evaluate the evidence presented at trial to determine whether Conley is guilty of that offense.

APPEARANCES:

THOMAS M. HANCULAK, DANIEL A. POWELL, and MARK V. GUIDETTI, Attorneys at Law, for Appellant.

JENNIFER L. FITZSIMMONS, Appointed Special Prosecutor, for Appellee.