[Cite as *State v. Evans,* 122 Ohio St.3d 381, 2009-Ohio-2974.]

THE STATE OF OHIO, APPELLANT, *v.* EVANS, APPELLEE.

[Cite as *State v. Evans,* 122 Ohio St.3d 381, 2009-Ohio-2974.]

*Criminal law — Lesser included offenses — Robbery — R.C. 2911.02(A)(2) and 2911.01(A)(1).*

(No. 2008-0363 — Submitted January 21, 2009 — Decided July 7, 2009.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 89057, 2008-Ohio-139.

_____

**SYLLABUS OF THE COURT**

1. Robbery as defined in R.C. 2911.02(A)(2) is a lesser included offense of aggravated robbery as defined in R.C. 2911.01(A)(1).

2. In determining whether an offense is a lesser included offense of another, a court shall consider whether one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed. (*State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E. 2d 294, clarified.)

_____

**O'DONNELL, J.**

{¶ 1} In this matter, we are called upon to determine whether robbery is a lesser included offense of aggravated robbery. In resolving that issue, it is necessary to revisit the test for lesser included offenses set forth in *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294.

{¶ 2} On November 18, 2005, Catrice Stewart drove to the Collinwood Village Food Mart on St. Clair Avenue at London Road, in Cleveland, Ohio.

After she parked her car and began walking toward the store, Timothy Evans approached her from behind, grabbed her purse, and yelled, "Give me this purse, bitch," and upon her resistance, he declared, "I've got a gun," moving his hand as if to reach for something. Stewart then replied, "Well, you know what? You're going to have to use it," and began to kick and fight him. Although Evans repeated several times that he had a gun, Stewart stated that she never saw it. Observing the struggle, a nearby driver sounded her horn. That noise and Stewart's resistance caused Evans to flee without Stewart's purse. Police responded, but were unable to apprehend Evans that night.

{¶ 3} About two months later, Stewart saw Evans walking down the street and recognized him as the man who had tried to take her purse. She called police, who arrested Evans. A Cuyahoga County grand jury indicted Evans on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), stating that he "did, in attempting or committing a theft offense, as defined in Section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon Catrice Stewart have a deadly weapon to-wit: gun, on or about his person or under his control and either displayed the weapon, brandished it, indicated that he possessed it, or used it."

{¶ 4} Evans waived the right to a jury, and at the bench trial, the court granted his Crim.R. 29 motion with respect to the aggravated robbery charge, finding that the state had not presented sufficient evidence to prove that Evans had a weapon on his person when he committed the offense; however, the court found him guilty of robbery as a lesser included offense of aggravated robbery.

{¶ 5} Evans appealed to the Eighth District Court of Appeals, arguing that his conviction for the unindicted offense of robbery was unconstitutional because robbery is not a lesser included offense of aggravated robbery. Applying the test for lesser included offenses set forth in *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, the appellate court determined that robbery is not a

2

lesser included offense of aggravated robbery, because robbery includes an element that aggravated robbery does not – inflicting, attempting to inflict, or threatening to inflict physical harm. Concluding that the facts necessary to support this element of robbery were not presented to the grand jury, the court reversed Evans's robbery conviction as plain error.

{¶ 6} We accepted the state's discretionary appeal to consider whether robbery is a lesser included offense of aggravated robbery and to clarify the criteria for determining whether one offense is a lesser included offense of another. For the reasons that follow, robbery as defined in R.C. 2911.02(A)(2) is a lesser included offense of aggravated robbery as defined in R.C. 2911.01(A)(1), and, having reviewed *Deem*, we modify the second part of the lesser included offense analysis to delete the word "ever," to clarify its application in future cases.

**The *Deem* Test**

{¶ 7} Section 10, Article I of the Ohio Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury * * *." We have long recognized that "[t]his provision guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury." *State v. Headley* (1983), 6 Ohio St.3d 475, 478, 6 OBR 526, 453 N.E.2d 716, citing *Harris v. State* (1932), 125 Ohio St. 257, 181 N.E. 104. An indictment will satisfy this constitutional requirement if it, " 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.' " *State v. Childs* (2000), 88 Ohio St.3d 558, 565, 728 N.E.2d 379, quoting *Hamling v. United States* (1974), 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590.

**{¶ 8}** We also recognize, however, that R.C. 2945.74 provides that a criminal defendant may be found guilty of a lesser included offense even though the lesser offense was not separately charged in the indictment. Lesser included offenses need not be separately charged in an indictment, because when an indictment charges a greater offense, it " 'necessarily and simultaneously charges the defendant with lesser included offenses as well.' " *State v. Smith*, 121 Ohio St.3d 409, 2009-Ohio-787, 905 N.E.2d 151, ¶ 14, quoting *State v. Lytle* (1990), 49 Ohio St.3d 154, 157, 551 N.E.2d 950. Thus, a conviction for a lesser included offense does not deprive an offender of his constitutional right to presentment or indictment by the grand jury, because by indicting the offender for the greater offense, the jury has necessarily considered each of the essential elements of the lesser offense.

**{¶ 9}** In *Deem*, this court established a three-part test for courts to use to determine whether one offense is a lesser included offense of another, stating: "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." *Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294, at paragraph three of the syllabus. We clarified the *Deem* test in *State v. Smith*, 117 Ohio St.3d 447, 2008-Ohio-1260, 884 N.E.2d 595, and held that when a statute sets forth mutually exclusive ways of committing the greater offense (e.g., where one element of the offense can be satisfied by proving either that the defendant actually committed another offense or attempted to commit it), a court is required to apply the second part of the *Deem* test separately to each alternate method of committing the greater offense. *Smith*, at paragraph one of the syllabus. Following that clarification, we determined that the crime of theft – depriving an owner of property without consent – was a lesser included offense of

robbery – causing harm to another while attempting, committing, or fleeing after a theft offense. Id. at ¶ 29. There, because the trial court had found that the state had not proven the harm element beyond a reasonable doubt but had found that all elements of theft had been proven beyond a reasonable doubt, we determined that Smith's conviction for the lesser included offense of theft was proper. Id. at ¶ 5, 30.

{¶ 10} In the instant case, we observe that the first part of the *Deem* test requires a review of penalties, and we note that aggravated robbery carries a greater penalty than robbery; next, pursuant to the third part of the *Deem* test, we examine the elements of the offenses and note that aggravated robbery as defined in R.C. 2911.01(A)(1) contains an element – possession of a deadly weapon – that robbery does not. Thus, our analysis here focuses again on the troublesome second part of the *Deem* test, which requires that "the greater offense cannot, as statutorily defined, *ever* be committed without the lesser offense, as statutorily defined, also being committed." (Emphasis added.) *Deem*, at paragraph three of the syllabus.

{¶ 11} The state contends that the strict comparison of elements required by the second part of the *Deem* test has produced incongruous and illogical results that fail to hold criminal defendants accountable for crimes in the absence of specific indictments for each related offense. The state urges us to modify the second part of the *Deem* test to permit courts to consider the particular facts and circumstances of each case in determining whether one offense is a lesser included offense of another, or to consider whether "the offenses are so similar that the commission of one offense will necessarily result in commission of the other," as we have done in our analogous test for allied offenses of similar import. See *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph one of the syllabus.

**{¶ 12}** On the other hand, Evans contends that adoption of the state's fact-based approach will impinge upon a criminal defendant's constitutional right to a grand jury indictment, permitting convictions for offenses that were either considered and rejected or never even contemplated by the grand jury. He asserts that the state's proposed test would create uncertainty for prosecutors, defendants, and the courts by making it impossible to predict, before trial, what lesser included offenses would be at issue. In addition, Evans argues that because we have previously held that robbery is not a lesser included offense of aggravated robbery, applying a contrary ruling would violate his due process rights.

**{¶ 13}** We have consistently held that in applying *Deem* to lesser included offenses, " ' " 'the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense.' '' ' " *Smith*, 117 Ohio St.3d 447, 2008-Ohio-1260, 884 N.E.2d 595, ¶ 9, quoting *Shaker Hts. v. Mosely*, 113 Ohio St.3d 329, 2007-Ohio-2072, 865 N.E.2d 859, ¶ 11, quoting *State v. Barnes* (2002), 94 Ohio St.3d 21, 26, 759 N.E.2d 1240, quoting *State v. Kidder*, 32 Ohio St.3d 279, 282, 513 N.E.2d 311; see also *State v. Koss* (1990), 49 Ohio St.3d 213, 218-219, 551 N.E.2d 970. Indeed, in *Barnes*, we rejected the state's request that we consider the specific facts of the case in determining whether felonious assault with a deadly weapon was a lesser included offense of attempted murder. *Barnes*, 94 Ohio St.3d at 26. But we note that the facts of a case *are* relevant in determining whether a court should instruct the jury on a lesser included offense. Specifically, we have stated that after the three parts of the *Deem* test are met, "[i]f the evidence is such that a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense, then the judge should instruct the jury on the lesser included offense." *Shaker Hts. v. Mosely* at ¶ 11, citing *State v. Shane* (1992), 63 Ohio St.3d 630, 632-633, 590 N.E.2d 272. See also *State v. Thomas*, 40 Ohio St.3d at 216, 533 N.E.2d 286; *Kidder*, 32 Ohio

St.3d at 282-283, 513 N.E.2d 311. Based upon the foregoing, we decline the state's invitation to abandon our precedent in this regard.

**Robbery as a Lesser Included Offense of Aggravated Robbery**

{¶ 14} The second step of the *Deem* test requires a court to examine the statutory elements of the two offenses. Here, we consider whether aggravated robbery as defined in R.C. 2911.01(A)(1) can ever be committed without also committing robbery as defined in R.C. 2911.02(A)(2).

{¶ 15} R.C. 2911.01(A)(1) defines one way to commit the crime of aggravated robbery:

{¶ 16} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶ 17} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶ 18} R.C. 2911.02(A)(2) defines one way to commit the crime of robbery:

{¶ 19} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶ 20} "* * *

{¶ 21} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."

{¶ 22} Thus, in determining whether robbery is a lesser included offense of aggravated robbery, we are called on to consider whether displaying, brandishing, indicating possession, or using a deadly weapon in the attempted commission of a theft offense is also a threat to inflict physical harm as defined in R.C. 2911.02(A)(2). While these elements are not identically phrased, we have recognized: "This test is not a word game to be performed by rote by matching

the words chosen by the legislature to define criminal offenses. Some offenses, such as aggravated murder and murder, lend themselves to such a simple matching test; others do not. * * * We would also note that the elements of the offenses are 'matched' only in part (iii) of the test to determine if 'some element' of the greater offense is not found in the lesser offense. The proper overall focus is on the nature and circumstances of the offenses as defined, rather than on the precise words used to define them." *State v. Thomas*, 40 Ohio St.3d 213 at 216-217, 533 N.E.2d 286. Thus, the test does not require identical language to define the two offenses, but focuses upon whether the words used in the statute defining the greater offense will put the offender on notice that an indictment for that offense could also result in the prosecution of the lesser included offense.

{¶ 23} Robbery as defined in the instant case requires the state to prove a threat to inflict physical harm. R.C. 2911.02(A)(2). However, "the threat of physical harm need not be explicit; rather, an implied threat of physical harm is sufficient to support a conviction under R.C. 2911.02(A)(2)." *State v. Harris*, Franklin App. No. 07-AP137, 2008-Ohio-27, at ¶ 14; *State v. Exum*, Franklin App. No. 05AP-894, 2007-Ohio-2648, at ¶ 31; *State v. Ellis*, Franklin App. No. 05AP-800, 2006-Ohio-4231, at ¶ 7. One cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without conveying an implied threat to inflict physical harm. It is the very act of displaying, brandishing, indicating possession, or using the weapon that constitutes the threat to inflict harm because it intimidates the victim into complying with the command to relinquish property without consent.

{¶ 24} Despite making the statement to Stewart "I have a gun" as he tried to take her purse, Evans now argues that a person can indicate possession of a deadly weapon without implying a threat to inflict physical harm, for example, by purchasing a hunting knife in a hardware or sporting goods store as he simultaneously shoplifts a bag of nails by placing them in his pocket. This

8

argument is not well taken. In *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, ¶ 24, we rejected similarly implausible examples advanced in the context of an allied offense analysis, stating that they "lapse into the strict textual comparison" that this court has previously rejected. Having previously rejected such strict textual comparison in the context of the *Deem* lesser included offense analysis, emphasizing that a court should focus "on the nature and circumstances of the offenses as defined, rather than on the precise words used to define them," we now reject the implausible scenario advanced by Evans in this case. *Thomas*, 40 Ohio St.3d at 217, 533 N.E.2d 286.

{¶ 25} Moreover, to ensure that such implausible scenarios will not derail a proper lesser included offense analysis, we further clarify the second part of the *Deem* test to delete the word "ever." This clarification does not modify the *Deem* test, but rather eliminates the implausible scenarios advanced by parties to suggest the remote possibility that one offense could conceivably be committed without the other also being committed. *Deem* requires a comparison of the elements of the respective offenses in the abstract to determine whether one element is the functional equivalent of the other. If so, and if the other parts of the test are met, one offense is a lesser included offense of the other.

{¶ 26} Thus, in determining whether an offense is a lesser included offense of another, a court shall consider whether one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed.

{¶ 27} As this clarification of *Deem* relates to the offenses of aggravated robbery and robbery as defined in this case, to establish aggravated robbery, the state carries the burden to prove that Evans had a deadly weapon and indicated his possession of it; and to establish robbery, the state must prove a threat to inflict

physical harm on the victim. Indicating possession of a deadly weapon constitutes an implied threat to inflict physical harm because it intimidates a victim and is designed to compel relinquishment of property without consent. Therefore, an element-to-element comparison reveals an equivalence between indicating possession of a deadly weapon in order to compel compliance with a demand for property and an implied threat to inflict physical harm. Thus, aggravated robbery as statutorily defined in this case cannot be committed without also committing the offense of robbery. Accordingly, robbery as defined in R.C. 2911.02(A)(2) is a lesser included offense of aggravated robbery as defined in R.C. 2911.01(A)(1).

{¶ 28} In *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, __ N.E.2d __, we held that aggravated robbery and robbery are allied offenses of similar import; we now conclude that robbery is a lesser included offense of aggravated robbery. These holdings are neither inconsistent nor mutually exclusive. Other courts have considered whether two offenses can be both allied offenses of similar import and lesser included offenses.

{¶ 29} In *State v. Harris* (1979), 58 Ohio St.2d 257, 258, 12 O.O.3d 265, 389 N.E.2d 1121, we noted that "it appears that the statutory definition of robbery, when applied to the routine facts of this cause, is sufficiently comprehensive to embrace grand theft either as an allied offense of similar import (R.C. 2941.25) or as a lesser included offense (R.C. 2943.09)." Because the grand theft conviction did not require proof of any element not also required to prove the robbery conviction, we held that they were the same offense for purposes of double jeopardy and vacated the defendant's grand theft conviction.

{¶ 30} In *State v. Johnson* (1983), 6 Ohio St.3d 420, 424, 6 OBR 466, 453 N.E.2d 595, we held that involuntary manslaughter and murder are allied offenses of similar import, and in *State v. Thomas*, 40 Ohio St.3d at 215, 533 N.E.2d 286, that involuntary manslaughter is also a lesser included offense of murder. More

recently, in *State v. Hooper*, Columbiana App. No. 03 CO 30, 2005-Ohio-7084, at ¶ 16, the Seventh District Court of Appeals stated, "Appellant is correct that gross sexual imposition (R.C. § 2907.05) is both a lesser included offense and an allied offense of similar import of rape (R.C. § 2907.02)." Id., citing *State v. Johnson* (1988), 36 Ohio St.3d 224, 522 N.E.2d 1082, and *State v. Abi-Sarkis* (1988), 41 Ohio App.3d 333, 336, 535 N.E.2d 745. The court did not express any concern with one of the offenses being a lesser included offense and both offenses being allied offenses to each other. However, the court rejected Hooper's argument that he could not be separately punished for gross sexual imposition simply because it is an allied offense to or a lesser included offense of rape, because "[t]here is no statutory or constitutional prohibition against imposing separate punishments for allied offenses or lesser included offenses if they are committed independently or with a separate animus." Id. at ¶ 19, citing R.C. 2941.25(B), and *State v. Gopp*, 154 Ohio App.3d 385, 2003-Ohio-4908, 797 N.E.2d 531, ¶ 8.

**{¶ 31}** In *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph one of the syllabus, we explained that there need not be an "exact alignment" of the elements for two offenses to be allied offenses but that "if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import." This allied offenses test corresponds to step two of the *Deem* test which, as clarified, states "whether the greater offense as statutorily defined cannot be committed without the lesser offense also being committed." Thus, application of the *Cabrales* test for allied offenses and the *Deem* test for lesser included offenses suggests that a lesser included offense will always be an allied offense, although an allied offense may not necessarily be a lesser included offense, because a lesser included offense must also satisfy the first and third steps of *Deem*.

**{¶ 32}** We also reject Evans's contention that our application of this holding to his case will deprive him of a constitutional right to due process. The United States Supreme Court has held that a judicial alteration of criminal law violates the principle of fair warning and must not be given retroactive effect only when it is " 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.' " *Rogers v. Tennessee* (2001), 532 U.S. 451, 462, 121 S.Ct. 1693, 149 L.Ed.2d 697, quoting Hall, General Principles of Criminal Law (2d Ed.1960), 61.

**{¶ 33}** Despite this assertion by Evans, our decision in *State v. Merriweather* (1980), 64 Ohio St.2d 57, 18 O.O.3d 259, 413 N.E.2d 790, holding that robbery was not a lesser included offense of aggravated robbery under an earlier version of R.C. 2911.01(A)(1), does not render our holding today either unexpected or indefensible by reference to law expressed prior to the commission of Evans's offense. *Merriweather* involved a different statute that required the state to prove only that the offender had a deadly weapon or dangerous ordnance on or about his person or under his control while attempting or committing a theft offense. 1972 Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1922. In contrast, the current version requires the state to prove that the offender possessed a deadly weapon or dangerous ordnance *and* that he either displayed it, brandished it, indicated that he possessed it, or used it in attempting or committing a theft offense. Therefore, *Merriweather* does not apply here. Furthermore, we adopted the *Deem* test for lesser included offenses, which forms the basis for our decision today, in 1988 – well before Evans's 2005 offense. Therefore, applying our holding to Evans does not violate due process. We reverse the judgment of the court of appeals and reinstate this conviction.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, and LANZINGER, JJ., concur.

PFEIFER, J., concurs in judgment.

CUPP, J., concurs in judgment and the first paragraph of the syllabus.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Matthew E. Meyer, Assistant Prosecuting Attorney, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and David M. King and John T. Martin, Assistant Public Defenders, for appellee.

_____