[Cite as *State v. Taylor*, 2013-Ohio-2035.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.   12CA010258 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD E. TAYLOR, JR. | OBERLIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.   12TRC00378 |

DECISION AND JOURNAL ENTRY

Dated: May 20, 2013

---

BELFANCE, Presiding Judge.

{¶1}   Richard Taylor appeals his conviction for physical control from the Oberlin Municipal Court.  For the reasons set forth below, we reverse.

I.

{¶2}   Mr. Taylor was charged with operating a vehicle while intoxicated under R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(1)(d).  Following a bench trial, the trial court found Mr. Taylor not guilty of both OVI charges.  However, it found him guilty of physical control pursuant to R.C. 4511.194(B)(2), which it determined was a lesser-included offense of R.C. 4511.19(A)(1)(d). Mr. Taylor has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DETERMINED PHYSICAL CONTROL TO BE A LESSER[-]INCLUDED OFFENSE OF OVI.

**{¶3}** Mr. Taylor argues that the trial court should not have convicted him of physical control because it is not a lesser-included offense of operating a vehicle while intoxicated. We agree.

**{¶4}** "When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense." R.C. 2945.74. The Supreme Court clarified the test for lesser-included offenses in *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974.

> In determining whether an offense is a lesser included offense of another, a court shall consider whether one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed.

*Id.* at paragraph two of the syllabus, *clarifying State v. Deem*, 40 Ohio St.3d 205 (1988), paragraph three of the syllabus.

**{¶5}** Mr. Taylor was charged with violating R.C. 4511.19(A)(1)(d). The trial court found him not guilty of violating R.C. 4511.19(A)(1)(d) but found him guilty of violating R.C. 4511.194(B)(2), determining that it was a lesser-included offense of R.C. 4511.19(A)(1)(d).[1] Mr. Taylor concedes that operating a vehicle while intoxicated carries a greater penalty than physical control and that it has an element that is not required to prove physical control. However, he argues that operating a vehicle while intoxicated may be committed without also committing physical control.

---

[1]The trial court also determined that R.C. 4511.194(B)(1) was a lesser-included offense of R.C. 4511.19(A)(1)(a). However, it did not convict Mr. Taylor of that offense, and, therefore, whether the trial court erred in making that determination is outside the scope of this appeal.

{¶6} R.C. 4511.19(A)(1)(d) provides, "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, * * * [t]he person has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath." "'Operate' means to cause or have caused movement of a vehicle, streetcar, or trackless trolley." R.C. 4511.01(HHH). R.C. 4511.194(B)(2) provides that "[n]o person shall be in physical control of a vehicle, streetcar, or trackless trolley if, at the time of the physical control, * * * [t]he person's whole blood, blood serum or plasma, breath, or urine contains at least the concentration of alcohol specified in division (A)(1)(b), (c), (d), or (e) of section 4511.19 of the Revised Code." "'Physical control' means being in the driver's position of the front seat of a vehicle or in the driver's position of a streetcar or trackless trolley and having possession of the vehicle's, streetcar's, or trackless trolley's ignition key or other ignition device." R.C. 4511.194(A)(2).

{¶7} At first glance, the statutes appear very similar. However, while a person may operate a vehicle merely by making it move, they are only in physical control of the vehicle if they are in a certain position *and* have possession of the ignition key or other ignition device. *Compare* R.C. 4511.01(HHH) *with* R.C. 4511.194(A)(2). This is an important distinction because of the definition of a vehicle.

> "Vehicle" means every device, including a motorized bicycle, in, upon, or by which any person or property may be transported or drawn upon a highway, except that "vehicle" does not include any motorized wheelchair, any electric personal assistive mobility device, any device that is moved by power collected from overhead electric trolley wires or that is used exclusively upon stationary rails or tracks, or any device, other than a bicycle, that is moved by human power.

R.C. 4511.01(A). While the definition is slightly convoluted, the pertinent part is that "'[v]ehicle'" does not include any device that is moved by human power other than a bicycle, meaning that a bicycle would be considered a vehicle. *See id*. A "'[b]icycle'" is defined as

"every device * * * propelled solely by human power upon which any person may ride having two tandem wheels, or one wheel in the front and two wheels in the rear, or two wheels in the front and one wheel in the rear, any of which is more than fourteen inches in diameter." R.C. 4511.01(G). Notably, a bicycle, being human-powered, does not possess an ignition. Thus, while a person could operate a bicycle in violating R.C. 4511.19(A)(1)(d), a person could not be in physical control of it for the purposes of R.C. 4511.194(B)(2). Therefore, it is possible to violate R.C. 4511.19(A)(1)(d) without also violating R.C. 4511.194(B)(2), meaning that R.C. 4511.194(B)(2) is not a lesser-included offense of R.C. 4511.19(A)(1)(d). *See Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, at paragraph two of the syllabus.

{¶8} The State concedes that a person may violate R.C. 4511.19(A)(1)(d) without violating R.C. 4511.194(B)(2). Nevertheless, the State "[w]ithout quantitative proof * * * submit[s] that the number of convictions for OVI based on 'operation' of a vehicle other than a motor vehicle, or from a position from other than the driver's position are miniscule in comparison to the total number of convictions for OVI." In other words, the State argues that, although the greater offense of OVI as statutorily defined can be committed without committing the offense of physical control, there are fewer occurrences of an OVI involving a bicycle. As such, the State suggests that this meets the "implausibility" restriction expressed in *Evans*. *See Evans* at ¶ 24-25. However, when *Evans* was dismissing implausible scenarios, it was dismissing scenarios that were absurd when engaging in a textual comparison of the statutes, not merely statistically less likely to occur. *See id.* at ¶ 24 (rejecting the argument that "a person can indicate possession of a deadly weapon without implying a threat to inflict physical harm, for example, by purchasing a hunting knife in a hardware or sporting goods store as he simultaneously shoplifts a bag of nails by placing them in his pocket[]" as implausible). A

similar example to the one rejected in *Evans* would be if a defendant argued that a person could not be in "physical control" of a purely electric car (e.g. the Tesla Roadster) because there is no ignition system since it does not have an internal-combustion engine. However, courts must "focus on the nature and circumstances of the offenses as defined, rather than on the precise words used to define them," and, when viewed in that light, it would be clear that a purely electric car would have some means of starting the engine; essentially, it would have an ignition. (Internal quotations and citations omitted.) *Id.* By contrast, a human-powered bicycle does not have any such equivalent, and, thus, there is no way to rationally construe it as satisfying R.C. 4511.194(B)(2).

{¶9} The State also points to *State v. Schultz*, 8th Dist. No. 90412, 2008-Ohio-4448, for the proposition that physical control is "likely" a lesser-included offense of operating a vehicle while intoxicated. *See id.* at ¶ 31. However, the court in *Schultz* was considering whether physical control was an equivalent offense to a violation of R.C. 4511.19(A) or (B) for the purpose of sentencing enhancement; thus, any discussion of lesser-included offenses was dicta. *See id.* at ¶ 32. Furthermore, the court specifically recognized that "[t]he term 'operate' is still broad enough to encompass an impaired passenger who grabs the steering wheel of a moving vehicle * * * [b]ut an impaired passenger *cannot* be convicted of a physical control violation because he is not in the driver's seat." (Emphasis added.) (Internal citations omitted.) *Id.* at ¶ 30, fn. 6. *See also State v. Wallace*, 166 Ohio App.3d 845, 2006-Ohio-2477, ¶ 15 (1st Dist.) ("Wallace's conduct caused movement of the vehicle and the driver's loss of control when she grabbed the steering wheel and caused the vehicle to crash. Accordingly, her conduct fit within the unambiguous statutory definition of 'operate' in R.C. 4511.01(HHH)."). In other words, notwithstanding that the *Schultz* court described physical control as "likely" being a lesser-

included offense of operating a vehicle while intoxicated, *id.* at ¶ 31, it reached the opposite conclusion when it observed that it was possible to violate R.C. 4511.19(A) or (B) while not committing physical control, thus implicitly suggesting that physical control could not be a lesser-included offense of OVI under *Evans* and *Deem. Id.* at ¶ 30, fn. 6. *See Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, at paragraph two of the syllabus ("In determining whether an offense is a lesser included offense of another, a court shall consider * * * whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed.").

{¶10} Finally, the State suggests that Mr. Taylor had to be on notice that he could be convicted of physical control based on the facts of this case. However, "the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense." (Internal quotations and citations omitted.) *Id.* at ¶ 13. Thus, it is not relevant whether, based on the facts of this case, Mr. Taylor *could* have been convicted of physical control. As discussed above, physical control is not a lesser-included offense of operating a vehicle while intoxicated, and, therefore, in order for Mr. Taylor to be found guilty of physical control, he had to be charged with the offense of physical control.

{¶11} Accordingly, Mr. Taylor's assignment of error is sustained.

### III.

{¶12} Mr. Taylor's assignment of error is sustained, and the judgment of the Oberlin Municipal Court is reversed. On remand, the court should enter a judgment of acquittal.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.


APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

FRANK S. CARLSON, Attorney at Law, for Appellee.