[Cite as *State v. Davis*, 2015-Ohio-3141.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102204**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JAMES A. DAVIS, JR.

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-02-428529-A

**BEFORE:** Stewart, J., McCormack, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 6, 2015

**FOR APPELLANT**

James A. Davis, Jr., pro se
Inmate No. 444-458
Grafton Correctional Institution
2500 South Avon-Belden Road
Grafton, OH 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Mary McGrath
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant James A. Davis, Jr., pro se, appeals his 2003 murder conviction on the grounds that his sentence is illegal and void. We find no merit to the appeal and affirm.

{¶2} In 2002, the Cuyahoga County Grand Jury indicted Davis on charges of aggravated murder, in violation of R.C. 2903.01 with one- and three-year firearm specifications, and tampering with evidence in violation of R.C. 2921.12. On April 17, 2003, Davis entered a guilty plea to the amended charge of murder in violation of R.C. 2903.02, in exchange for the dismissal of the firearm specifications and the tampering with evidence charge. The court sentenced Davis to a prison term of 15 years to life.

{¶3} On July 22, 2003, Davis filed a motion for delayed appeal which this court granted. Appellate counsel was appointed. Appellate counsel withdrew, and the court directed Davis to proceed pro se. On February 12, 2004, the appeal was dismissed by the court for Davis's failure to file a brief.

**{¶4}** Since Davis's initial motion for delayed appeal, he has filed a postconviction relief petition, a motion to withdraw his guilty plea, another motion for delayed appeal, a motion to "revise/correct" the sentencing journal entry, and a petition for a writ of mandamus to the trial court to issue a final appealable order — all of which have been denied by this court. In this appeal, Davis challenges the trial court's denial of his "motion to correct an illegal void sentence due to plain error pursuant to Crim.R. 52(B)."

**{¶5}** In his first assignment of error, Davis argues that the trial court abused its discretion by failing to properly consider the felony sentencing guidelines contained in R.C. 2929.11 and 2929.12 when it imposed a life sentence with the possibility of parole after 15 years for his murder conviction. In his second assignment of error, Davis argues that the trial court erred when it sentenced him to a charge that was not included in the grand jury indictment.

**{¶6}** Both of these arguments are barred as res judicata. The doctrine of res judicata prevents a defendant from raising an issue in a postconviction motion or petition if he already raised the issue on direct appeal or could have raised the issue on direct appeal. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, ¶ 92. Here, Davis could have raised both of these issues on direct appeal. Because he did not, he is barred from raising them now.[1] Therefore, we overrule both assignments of error.

---

[1] We note that 15 years to life is the mandatory sentence for a conviction of murder, *see* R.C. 2929.02(B)(1); therefore, the court had no discretion to impose a lesser sentence, and thus the felony sentencing guidelines would have had no effect on the outcome of the sentence. Further, the crime of murder is a lesser included offense of aggravated murder with which Davis was charged. "'R.C. 2945.74 provides that a criminal defendant may be found guilty of a lesser

**{¶7}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

TIM McCORMACK, P.J., and
MARY J. BOYLE, J., CONCUR

---

included offense even though the lesser offense was not separately charged in the indictment.'" *State v. Roscoe*, 8th Dist. Cuyahoga No. 99113, 2013-Ohio-3617, ¶ 39, quoting *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 8.