[Cite as *State v. Battin*, 2018-Ohio-4811.]

IN THE COURT OF APPEALS OF OHIO

TENON APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-402 |
| v. | : | (C.P.C. No. 15CR-835) |
| James L. Battin, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

M E M O R A N D U M   D E C I S I O N

Rendered on December 4, 2018

*Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

*James L. Battin*, pro se.

ON MOTION TO REOPEN

BRUNNER, J.

{¶ 1} On October 10, 2018, defendant-appellant, James L. Battin, filed a motion to reopen his appeal under App.R. 26(B), which permits a defendant in a criminal case to "apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." App.R. 26(B)(1). Battin does not allege in his motion that his appellate counsel was ineffective. (Oct. 10, 2018 Mot. to Reopen in passim.) Rather, Battin argues that he "has raised a colorable claim that Trial Court bestowed an illegal sentence upon him, by failing to properly charge and notify him offense in which would be pleading to." (Sic passim.) *Id.* at 1. He further elaborates, that it "would be preposterous for this Court or anyone to accept" that a defendant could plead to an offense for which the defendant was not indicted. *Id.* at 2.

{¶ 2} Battin misapprehends how the law applies to him in this situation. We previously explained:

No. 18AP-402

> Battin argues that his conviction must be vacated because felonious assault is not a lesser-included offense of rape and because he was never indicted for felonious assault. (Battin Brief at 2-21.) We agree that felonious assault is not a lesser-included offense of rape. *See State v. Hay*, 3d Dist. No. 14-2000-24, 2000-Ohio-1938, 2000 Ohio App. LEXIS 5951, *11 (Dec. 19, 2000); *State v. Jones*, 83 Ohio App.3d 723, 738, 615 N.E.2d 713 (2d Dist.1992); *see also State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, paragraph two of the syllabus; *Ohio v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph three of the syllabus. It is also clear from the record that Battin was not indicted for felonious assault. (Feb. 18, 2015 Indictment.)
>
> However, it is perfectly permissible to agree to plead guilty to a crime that has not been indicted. *State v. Duane H. Long*, 10th Dist. No. 83AP-444, 1984 Ohio App. LEXIS 10927, *13, 1984 WL 5914 (Sept. 27, 1984), citing *Stacy v. Van Coren*, 18 Ohio St.2d 188, 248 N.E.2d 603 (1969). An indictment is merely a finding by a grand jury that there is probable cause to believe an individual committed a particular offense. *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶ 39, 775 N.E.2d 829. A plea of guilty constitutes a complete admission that the individual actually committed the offense in question (which encompasses the question of whether there is probable cause to believe the individual committed the offense). Crim.R. 11(B)(1). By pleading guilty to felonious assault, Battin was agreeing that he was guilty of felonious assault, which obviated the need for a jury to adjudicate him guilty or for a grand jury to find probable cause to prosecute him for that offense.
>
> The fact that Battin was not indicted for the offense to which he chose to plead as part of a plea agreement does not render his conviction void or create grounds to vacate his conviction.

*State v. Battin*, 10th Dist. No. 18AP-402, 2018-Ohio-3947, ¶ 8-10.

{¶ 3} Because Battin does not argue or even allege that his counsel was ineffective, his motion to reopen fails to satisfy the requirements of App.R. 26(B)(1). Even if the motion could be recharacterized as a motion for reconsideration and thereby considered on its merits, it is also fails in this analysis. *Battin* at ¶ 8-10.

*Motion to reopen denied.*

KLATT and LUPER SCHUSTER, JJ., concur.