[Cite as *State v. Villafranco*, 2022-Ohio-2826.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-09-029 |
| | : | O P I N I O N |
| - vs - | | 8/15/2022 |
| | : | |
| GAD G. VILLAFRANCO, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20-500-169

Andrew T. McCoy, Clinton County Prosecuting Attorney, and Melvin Planas, Assistant Prosecuting Attorney, for appellee.

Traci M. Carr, for appellant.

**BYRNE, J.**

{¶ 1} Gad Villafranco appeals from his conviction for felonious assault in the Clinton County Court of Common Pleas. For the reasons described below, we affirm Villafranco's conviction.

### I. Procedural and Factual Background

{¶ 2} A Clinton County grand jury indicted Villafranco on one count of felonious

assault, a second-degree felony, in violation of R.C. 2903.11(A)(2).[1]  The indictment stemmed from allegations that Villafranco rammed his vehicle into the victim's vehicle in a "road rage"-type incident.  The matter proceeded to a trial.

{¶ 3}   At trial, the victim testified that he was operating his vehicle on an interstate highway when Villafranco, driving a van, impacted with the victim's driver's side door.  The victim then stopped on the berm.  Villafranco then pulled his van in front of the victim's vehicle, got out, and approached the victim's vehicle in an aggressive manner.

{¶ 4}   The victim drove away, avoiding Villafranco.  But Villafranco got back in his van, caught up to the victim's vehicle, and began ramming it.  The second ram-strike disabled the victim's vehicle, and it came to a stop on the berm.

{¶ 5}   Witnesses followed Villafranco's van and reported its location to a 9-1-1 dispatcher.  Police located the van on the side of the road and subsequently arrested Villafranco at the scene.

{¶ 6}   On the second day of trial, after the state finished presenting evidence, Villafranco requested that the court provide the jurors with a lesser included offense instruction on an attempt violation of the vehicular assault statute, R.C. 2903.08(A)(2)(b). The court denied Villafranco's request, finding that vehicular assault was not a lesser included offense of felonious assault under R.C. 2903.11(A)(2).

{¶ 7}   The jury found Villafranco guilty of felonious assault.  Villafranco appeals, raising one assignment of error.

### II. Law and Analysis

{¶ 8}   Villafranco's First Assignment of Error:

---

1. The grand jury also indicted Villafranco for one count of operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a).  For reasons that are irrelevant to this appeal, the court dismissed that count prior to trial.

{¶ 9} THE TRIAL COURT ERRED WHEN IT FAILED TO INCLUDE ATTEMPTED VEHICULAR ASSAULT AS A LESSER INCLUDED OFFENSE.

{¶ 10} Villafranco contends that the trial court abused its discretion in denying his request to instruct jurors on "attempted" vehicular assault. Villafranco argues that the court erred by determining that attempted vehicular assault in violation of R.C. 2903.08(A)(2)(b) was not a lesser included offense of felonious assault under R.C. 2903.11(A)(2).

## A. Standard of Review and Applicable Law

{¶ 11} An appellate court reviews a trial court's decision on a requested jury instruction for an abuse of discretion. *State v. Wolons*, 44 Ohio St.3d 64, 68 (1989). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Id.*, citing *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶ 12} In considering whether to instruct a jury on lesser offenses, a trial court must first determine whether an offense is a lesser included offense of the crime charged. *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, ¶ 13. If the court answers that inquiry affirmatively, then it must proceed to determine whether the evidence in the case supports an instruction on the lesser included offense. *Id.*

{¶ 13} The test for determining if an offense is a lesser included offense of another crime is met when (1) one offense carries a greater penalty than the other, (2) some element of the greater offense is not required to prove commission of the lesser offense, and (3) the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed. *Id.* at ¶ 26. The state concedes that Villafranco has met the first prong of this analysis, i.e., that felonious assault carries a greater penalty than vehicular assault.

{¶ 14} We will begin our analysis by reviewing the two offenses. The Revised Code defines felonious assault under R.C. 2903.11(A)(2) as: "No person shall knowingly * * *

- 3 -

Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."

{¶ 15} The Revised Code defines vehicular assault under R.C. 2903.08(A)(2)(b) as: "No person, while operating or participating in the operation of a motor vehicle * * * shall cause serious physical harm to another person * * * In one of the following ways: * * * Recklessly."

{¶ 16} A person acts recklessly when, "with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶ 17} The attempt statute provides, "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A).

## B. "Attempted" Vehicular Assault

{¶ 18} Villafranco argues that "attempted" vehicular assault is a lesser included offense of felonious assault because, when one considers vehicular assault in conjunction with the attempt statute, the offense could be defined as "no person, while operating or participating in the operation of a motor vehicle * * * shall *attempt* to cause serious physical harm to another * * * recklessly." Villafranco argues that this definition of the offense "fits the fact pattern of this incident more appropriately than Felonious Assault, R.C. 2903.11."

{¶ 19} The state argues that "attempted" vehicular assault is a legal impossibility because vehicular assault requires recklessness, while the attempt statute, R.C. 2923.02(A), requires a mens rea of purpose or knowledge.

{¶ 20} We agree. The attempt statute plainly requires proof of purpose or knowledge in engaging in conduct that constitutes an offense. An "attempt" to commit vehicular assault

would therefore require proof that the defendant purposely or knowingly engaged in an offense requiring proof of a reckless mind state. Stated otherwise, an "attempt" to commit vehicular assault would require proof of an *intent* to commit an *unintentional* act. This is a legal impossibility.

{¶ 21} For these reasons, we hold that "attempted vehicular assault" is not a cognizable offense in Ohio. *See State v. Jones*, 8th Dist. Cuyahoga No. 52922, 1988 WL 5166, *4 (Jan. 1, 1988) (finding that "attempted involuntary manslaughter" is not a cognizable crime in Ohio for similar reasons).

### C. Lesser Included Offense Analysis

{¶ 22} Having concluded that "attempted" vehicular assault is not a cognizable offense, we turn to analyze whether vehicular assault in violation of R.C. 2903.08(A)(2)(b) is a lesser included offense of felonious assault under R.C. 2903.11(A)(2). Having conducted that review, we find that Villafranco has met the second prong of the lesser included offense analysis because an element of felonious assault is not required to prove a commission of vehicular assault. *Evans* ¶ 26. That is, felonious assault requires a knowing act, which is not required to prove vehicular assault.

{¶ 23} However, we find that Villafranco has not met the third prong. *Id.* Felonious assault *can* be committed without also committing vehicular assault. Vehicular assault requires proof of the infliction of serious physical harm, as well as the operation or the participation in the operation of a motor vehicle. On the other hand, the state can demonstrate felonious assault under the (A)(2) subsection without proof of *serious* physical harm, without proof of physical harm, and without the operation of a motor vehicle.

### III. Conclusion

{¶ 24} What occurred here was that the state charged Villafranco with, and convicted him of, the correct offense. When one knowingly causes or attempts to cause physical

harm to another by means of a deadly weapon (in this case, a van), then that person is guilty of felonious assault. What Villafranco is trying to do is use the attempt statute to make his offense fit within a lesser culpable mental state offense (with a correspondingly lesser penalty). But all the facts presented to the jury were that Villafranco's actions on the day of the offense were intentional, not reckless. He has not appealed that factual finding.

{¶ 25} "Attempted vehicular assault" is a legal impossibility. We find that the trial court did not abuse its discretion in denying Villafranco's request for an instruction on attempted vehicular assault. We overrule Villafranco's sole assignment of error.

{¶ 26} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.