[Cite as *State v. Baker*, 2013-Ohio-2507.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-120470 |
| | | C-120471 |
| Plaintiff-Appellee, | : | TRIAL NOS. C-11CRB-33848A, B |
| vs. | : | *O P I N I O N.* |
| LUCIUS BAKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Affirmed in Part, Reversed in Part, and Appellant Discharged in Part

Date of Judgment Entry on Appeal:  June 19, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Robert R. Hastings, Jr.*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}     Defendant-appellant Lucius Baker appeals convictions for negligent assault and criminal damaging or endangering.  We find merit in one of his two assignments of error.  Consequently, we reverse his conviction for negligent assault and order him discharged on that count, but affirm his conviction for criminal damaging or endangering.

## I.    Factual Background

{¶2}     The record shows that Baker had entered into an agreement to lease wheel rims for his car from Rent-N-Roll.  Because Baker's account was severely delinquent, Adam Armacost, Rent-N-Roll's sales manager, and Edward Holbrook, a wheel technician, went to Baker's place of employment to repossess the rims.  There was an empty parking space behind Baker's car, and they parked their company van diagonally behind Baker's car to block him from leaving.

{¶3}     Baker happened to be leaving work to go to the hospital to be with his wife who was having a difficult pregnancy at the same time Armacost and Holbrook were repossessing the rims.  According to Armacost, he asked Baker how he was doing, and Baker replied, "good."  Baker testified that he told Armacost and Holbrook that he had already talked to the head manager about his account and that he had to go to the hospital to be with his wife.

{¶4}     Armacost stood in front of Baker's car.  Armacost and Holbrook testified that Baker backed his car into the open passenger side door of the company van, damaging the door.  Then Baker drove forward out of the parking space and hit Armacost, knocking him back several feet and injuring his knee.

{¶5}  Armacost called the police.  When the investigating officer offered him medical assistance, Armacost refused treatment at that time, although he did go to the hospital later that afternoon.

{¶6}  Baker testified that he did not back up his car because he had backed into the space upon arriving and all he had to do was "pull straight out."  He stated that Armacost had approached his driver's side door and told him "you're not leaving."  Baker had said that he did not have time to talk about it right then.  He got into his car and started it.  Armacost had slapped the fender on his car, and again had said "you're not leaving."  Baker then had driven off.  He stated that he had not hit Armacost or the company van, and he was unaware of any problem until he was contacted by a police officer.

{¶7}  Baker was charged with assault under R.C. 2903.13(A) and criminal damaging or endangering under R.C. 2909.06(A).  After hearing the evidence, the trial court convicted Baker of criminal damaging or endangering.  But on the assault charge, the court stated that Baker's conduct was "incredibly stupid," but that "I do not feel it rises to the level of misdemeanor one assault.  I do feel that it was negligent.  And on the assault, you will be found guilty of the lesser offense of negligent assault."  This appeal followed.

### II.  Is Negligent Assault is a Lesser-Included Offense of Assault?

{¶8}  Baker presents two assignments of error for review, which we address out of order.  In his second assignment of error, Baker contends that the trial court erred in finding that negligent assault is a lesser-included offense of assault, and in convicting him of negligent assault.  He argues that the offense of negligent assault contains an additional element that is not contained in the offense of assault.  This assignment of error is well taken.

3

{¶9} An offense may be a lesser-included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense, cannot, as statutorily defined, be committed without the lesser offense also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph three of the syllabus, clarified in *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889; *State v. Dieterle*, 1st Dist. No. C-070796, 2009-Ohio-1888, ¶ 34.

{¶10} Baker was originally charged with assault under R.C. 2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." A violation of this section is a first-degree misdemeanor. R.C. 2903.13(C).

{¶11} Baker was convicted of negligent assault under R.C. 2903.14(A), which provides that "[n]o person shall negligently, by means of a deadly weapon or another dangerous ordnance as defined in section 2923.11 of the Revised Code, cause physical harm to another or to another's unborn." A violation of this section is a third-degree misdemeanor. R.C. 2903.14(B).

{¶12} In *State v. Evans*, 153 Ohio App.3d 226, 2003-Ohio-3475, 792 N.E.2d 757 (7th Dist.), the Seventh Appellate District held that negligent assault is not a lesser-included offense of assault under R.C. 2903.13(A) or (B). It stated:

> As can be seen, negligent assault contains an element which assault
> does not, namely that the offense must be committed by means of a
> deadly weapon or dangerous ordnance. Thus, negligent assault does
> not meet the second prong of the *Deem* test because one can recklessly
> cause serious harm without, for example, the use of a gun. As *Deem*

4

stated, if the greater offense *can* be committed without the lesser offense also being committed, then the lesser offense is not a lesser included offense.

*Id.* at ¶ 40. *Contra Toledo v. Golis*, 6th Dist. No. L-94-161, 1994 Ohio App. LEXIS 4876, *4-5 (Oct. 28, 1994) (negligent assault is a lesser included offense of assault).

{¶**13**} We agree with Seventh Appellate District's reasoning, and we hold that negligent assault is not a lesser-included offense of assault under R.C. 2903.13(A). This holding is consistent with our previous cases in which we held that negligent assault was a lesser-included offense of felonious assault. Felonious assault under R.C. 2903.11(A) also contains the element that the harm must be caused by means of a deadly weapon or dangerous ordnance. Consequently, the only difference between those two offenses is the mens rea. *See State v. Aria*, 1st Dist. No. C-990848, 2000 Ohio App. LEXIS 5722, *9-10 (Dec. 8, 2000); *State v. Swan*, 1st Dist. No. C-900655, 1991 Ohio App. LEXIS 4815, *6-7 (Oct. 9, 1991).

{¶**14**} Consequently, we hold that the trial court erred in convicting Baker of negligent assault. We sustain Baker's second assignment of error, reverse his conviction for negligent assault, and order him discharged on that count.

### III. Weight and Sufficiency of Evidence of Criminal Damaging or Endangering Conviction

{¶**15**} In his first assignment of error, Baker contends that the state's evidence was insufficient to support his conviction for criminal damaging or endangering. He argues that R.C. 2909.06(A) required the state to prove that he acted knowingly, and that the trial court, in its findings related to the assault charge, concluded that he had only acted negligently. He argues that his conviction for

criminal damaging or endangering was inconsistent with the finding that he acted negligently, and, therefore, was contrary to law. This assignment of error is not well taken.

{¶16} R.C. 2909.06(A)(1) provides that "[n]o person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent * * * [k]nowingly by any means." Our review of the record shows that a rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found that the state had proved beyond a reasonable doubt all of the elements of criminal damaging or endangering. Therefore, the evidence was sufficient to support Baker's conviction. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus: *State v. Erkins*, 1st Dist. No. C-110675, 2012-Ohio-5372, ¶ 40.

{¶17} We do not believe that the trial court's acquittal of Baker on the assault charge and his conviction for criminal damaging or endangering were necessarily inconsistent. But even if they were, inconsistent verdicts on different counts are not grounds for reversal. *State v. Lovejoy*, 79 Ohio St.3d 440, 683 N.E.2d 1112 (1997), paragraph one of the syllabus; *State v. Glenn*, 1st Dist. No. C-090205, 2011-Ohio-829, ¶ 69.

{¶18} Baker also contends that his conviction for criminal damaging or endangering was against the manifest weight of the evidence. After reviewing the record, we cannot say that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Baker's conviction and order a new trial. Therefore, the conviction was not against the manifest weight of the evidence. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *Erkins* at ¶ 72.

6

**{¶19}** Baker is primarily arguing that the state's evidence was not credible. But matters as to the credibility of evidence were for the trier of fact to decide. *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 116; *Erkins* at ¶ 52. We, therefore, overrule Baker's first assignment of error.

### *IV.  Summary*

**{¶20}** In sum, we sustain Baker's second assignment of error.  We reverse his conviction for negligent assault, and he is hereby discharged on that count.  We overrule Baker's first assignment of error, and affirm his conviction for criminal damaging or endangering.

Affirmed in part, reversed in part, and appellant discharged in part.

**HILDEBRANDT, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry this date.