[Cite as *State v. Peel*, 2022-Ohio-362.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-200431 |
| | | C-200432 |
| Plaintiff-Appellee, | : | C-200433 |
| | | TRIAL NO. 20CRB-12299 |
| vs. | : | |
| JUSTIN PEEL, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:   February 9, 2022


*Andrew W. Garth*, City Solicitor, *William T. Horsely*, Chief Prosecuting Attorney, and *Amber H. Daniel*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Matthew T. Ernst,* for Defendant-Appellant.

**WINKLER, Judge**.

{¶1} Defendant-appellant Justin Peel appeals from three convictions for disorderly conduct under R.C. 2917.11(A)(1). We find no merit in his sole assignment of error, and we affirm his convictions.

{¶2} Peel was originally charged with five counts of aggravated menacing under R.C. 2903.21(A). Two of the counts were dismissed because the victims in those counts failed to appear at trial. The charges involving the remaining three victims, Janae Walker, Linda Bea, and Mary Walker, were tried to the court.

{¶3} The record shows that on June 21, 2020, Janae Walker was preparing for guests to arrive to celebrate Father's Day. She was inside her townhouse when she saw Peel, a security guard at her apartment complex, putting a sticker on her car. She went out to investigate and discovered that Peel had put a warning sticker on her car for parking in a handicapped parking spot without displaying the proper placard.

{¶4} Janae presented Peel with the handicapped placard, which was in the car hidden under some papers. He told her that he did not care and "smashed the sticker into [her car] window further." Then he took a picture of it, and told Janae that she would "have to take it up with somebody else." At one point, a family member pointed at Peel and stated that he was going to get his gun, although he never went back inside.

{¶5} After she heard a commotion, 74-year-old Bea came out of the townhouse into the parking lot. Peel then put his hand on his Taser. She walked over to him and stated, "This is Sunday. We are supposed to have unity." Peel then pointed his gun directly at Bea's chest. Janae pushed Bea to the side and stood in front of her.

{¶6} Mary, Janae's mother, walked out onto the porch. Her grandchildren were on the porch with her. She saw Peel point his gun at Bea. He yelled at everyone

to "get in the house," and waved his gun around. At one point, he pointed it directly at Mary.

{**¶7**} The trial court found that the state had failed to prove all of the elements of aggravated menacing, but it found Peel guilty of three counts of disorderly conduct under R.C. 2917.11(A)(1), which it deemed to be a lesser-included offense of aggravated menacing. This appeal followed.

{**¶8**} In his sole assignment of error, Peel contends that the trial court erred in finding him guilty of disorderly conduct. He argues that disorderly conduct is not a lesser-included offense of aggravated menacing. This assignment of error is not well taken.

{**¶9**} An offense may be a lesser-included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense, cannot, as statutorily defined, be committed without the lesser offense also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph three of the syllabus, as clarified in *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889; *State v. Baker*, 1st Dist. Hamilton Nos. C-120470 and C-120471, 2013-Ohio-2507, ¶ 9.

{**¶10**} Peel was originally charged with aggravated menacing under R.C. 2903.21(A). It provides, "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{**¶11**} He was convicted of disorderly conduct under R.C. 2911.17(A)(1). It provides, "No person shall recklessly cause inconvenience, annoyance, or alarm to

another by doing any of the following: [e]ngaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior * * *."

{¶12} While this court has not specifically ruled on the issue of whether disorderly conduct under R.C. 2911.17(A)(1) is a lesser-included offense of aggravated menacing under R.C. 2903.21(A), other appellate courts have held that it is. Those cases are persuasive. Applying the criteria set forth by the Ohio Supreme Court in *Deem* and *Evans*, we hold that disorderly conduct under section (A)(1) is a lesser-included offense of aggravated menacing.

{¶13} First, disorderly conduct is a minor misdemeanor and carries a lesser penalty than aggravated menacing, which is a misdemeanor of the first degree. Second, aggravated menacing contains the element of threatening physical harm, which cannot be committed without at the same time causing annoyance or alarm to the victim. Third, the threat of serious physical harm is required for aggravated menacing but not to prove the commission of disorderly conduct under R.C. 2911.17(A)(1). Further, the greater mental state of knowingly is required for aggravated menacing while disorderly conduct requires the mental state of recklessness. *See Cleveland v. Smith*, 8th Dist. Cuyahoga No. 91778, 2009-Ohio-3594, ¶ 7-9 (involving city ordinances with similar language); *State v. Ozias*, 12th Dist. Butler No. CA2003-04-102, 2003-Ohio-5431, ¶ 11-15; *State v. Wardlow*, 4th Dist. Highland No. 98CA11, 1999 Ohio App. Lexis 3545, *4-5 (July 26, 1999); *State v. Shumaker*, 2d Dist. Darke No. 1332, 1994 Ohio App. Lexis 571, *17-19 (Feb. 18, 1994).

{¶14} Peel relies on *State v. Lampela*, 2016-Ohio-8007, 67 N.E.3d 836 (6th Dist.), in which the court found that disorderly conduct was not a lesser-included offense of aggravated menacing. But in that case, the defendant was convicted of violating R.C. 2917.11(A)(5). That section requires the state to prove that the offender recklessly caused inconvenience, annoyance, or alarm to another by

4

"[c]reating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender." The court held that because section (A)(5) contains the element that appellant's conduct served no lawful and reasonable purpose, which is not an element of aggravated menacing, it was not a lesser-included offense of aggravated menacing. *See id.* at ¶ 16-17. Because Peel was not convicted of violating section (A)(5), *Lampela* does not apply.

{¶15} Following the lead of the other appellate districts, we hold that disorderly conduct under R.C. 2917.11(A) is a lesser-included offense of aggravated menacing under R.C. 2903.21(A). Consequently, we overrule Peel's assignment of error, and affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.