[Cite as *State v. Holliday*, 2017-Ohio-2581.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                         Court of Appeals No. L-15-1264

      Appellee                                         Trial Court No. CR0201501384

v.

Benjamin Holliday                              **DECISION AND JUDGMENT**

      Appellant                                        Decided:  April 28, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Stephen D. Long, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Benjamin Holliday, appeals from the September 30, 2015 judgment of the Lucas County Court of Common Pleas convicting him of robbery, a violation of R.C. 2911.02(A)(2), and sentencing him to a six-year term of imprisonment.

For the reasons which follow, we affirm. Appellant asserts the following assignments of error:

      A. MR. HOLLIDAY'S CONVICTION IN CASE NO. CR 15-1384 FOR ROBBERY IN VIOLATION OF 2911.02(A)(2), A FELONY OF THE SECOND DEGREE, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE SUBSTANTIAL WEIGHT OF THE EVIDENCE AND [SIC] TRIAL COURT ERRED IN DENYING MR. HOLLIDAY'S MOTION FOR ACQUITTAL AND RENEWED MOTION FOR ACQUITTAL.

      B. THE TRIAL COURT ERRED IN ALLOWING A JURY INSTRUCTION ON "FEAR AND APPREHENSION" WHERE THE PRESENCE OR ABSENCE OF FEAR AND/OR APPREHENSION WAS IRRELEVANT TO THE QUESTION OF WHETHER PHYSICAL HARM WAS INFLICTED, ATTEMPTED TO BE INFLICTED, OR THREATEN TO BE INFLICT [SIC] UPON THE VICTIM.

{¶ 2} The indictment arose out of a robbery at a Subway franchise located at the Glenbryne Shopping Center in Toledo, Ohio, on November 15, 2014. Appellant was identified as the perpetrator by the employees and through a surveillance video.

{¶ 3} In his first assignment of error, appellant argues that his conviction of robbery is contrary to the manifest weight of the evidence and the trial court erred by denying appellant's motion for acquittal. Appellant argues the prosecution failed to

2.

present evidence that a threat of physical harm was made to the victim and the jury lost its way in making such a finding.

{¶ 4} When an appellate court reviews a ruling on a Crim.R. 29(A) motion, it employs the same standard used to determine whether the evidence was sufficient to sustain a conviction. *State v. Brinkley*, 105 Ohio St.3d 231, 2005-Ohio-1507, 824 N.E.2d 959, ¶ 39-40. Under the sufficiency standard, we must determine whether the evidence admitted at trial, "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. Therefore, "[t]he verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997), quoting *Jenks* at 503.

{¶ 5} Even when there is sufficient evidence to support the verdict, a court of appeals may decide that the verdict is against the weight of the evidence. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus. A challenge to the weight of the evidence questions whether or not the greater amount of credible evidence was admitted to support the conviction. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19; *Thompkins* at 386-390. When weighing the evidence, the court of appeals must consider whether the evidence in a case

3.

is conflicting or where reasonable minds might differ as to the inferences to be drawn from it, consider the weight of the evidence, and consider the credibility of the witnesses to determine if "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts." *Eastley* at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, fn. 3, 461 N.E.2d 1273 (1984) (citation omitted).

{¶ 6} Appellant was charged with physical-harm robbery. Pursuant to R.C. 2911.02(A)(2), the prosecution was required to prove beyond a reasonable doubt that appellant, "in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, * * * [i]nflict[ed], attempt to inflict, or threaten[ed] to inflict physical harm on another." Physical harm is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

{¶ 7} The following evidence was admitted at trial. Shanelle Smith, a shift leader at the Subway franchise, testified that while she was working with a coworker, appellant entered the franchise and asked for cookies. He was wearing a blue and orange hoodie, gray sweatpants, and Chuck Taylor shoes. After she prepared the cookies for sale, he asked her to do him a favor and open the drawer and give him all the money inside. She

4.

was afraid when she saw appellant had his hand in his pocket like he had a gun. Since she was afraid and had only been employed for two months, she called her coworker over to do it. Her co-worker told appellant that the drawer could not be opened. Appellant told him to ring up the cookies to open the drawer. Her co-worker did so, and he placed the drawer on the counter. Appellant used his hand that was not in his pocket to grab the money. He told the victims to walk to the back and turn around until he left.

{¶ 8} Appellant argues that based on this evidence, no reasonable inference could have been made that appellant threatened physical harm. We disagree.

{¶ 9} While we agree with appellant that possession of a weapon alone is insufficient to establish physical-harm robbery, the relevant issue is whether the defendant threatened to inflict physical harm. *State v. Page*, 5th Dist. Licking No. 10-CA-80, 2010-Ohio-6569, ¶ 28. The state must show the actions of the perpetrator led the victim to reasonably believe the perpetrator had a weapon and the victim was in danger of physical harm unless he complied with the perpetrator's demands. *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 23; *State v. Ripinski*, 6th Dist. Lucas No. L-10-1255, 2012-Ohio-5111, ¶ 8 (for purposes of entering a no contest plea, it was sufficient that the state alleged that the victim feared for her safety); *State v. Reed*, 6th Dist. Lucas No. L-97-1133, 1998 Ohio App. LEXIS 2621, *12-14 (June 12, 1998) ("[a]ll that is necessary * * * is proof that appellant threatened to inflict physical harm on another").

5.

{¶ 10} Therefore, we find the victim's testimony that she was afraid because she thought appellant would harm her unless she complied with his demands was sufficient to submit the case to the jury. Furthermore, the jury's finding that the offense of physical-harm robbery was proven is not contrary to the manifest weight of the evidence. It was reasonable for the jury to infer from appellant's behavior that he was threatening to harm her if she did not comply with his demand for money. Therefore, appellant's first assignment of error is not well-taken.

{¶ 11} In his second assignment of error, appellant argues that the trial court erred in instructing the jury that it could consider the victim's fear and apprehension in order to determine whether physical harm was threatened.

{¶ 12} The trial court instructed the jury as follows:

Physical harm to persons means any injury, illness, or other physiological impairment regardless of its gravity or duration. * * * [T]he act of threatening to inflict physical harm must occur during or immediately after the offense of theft. * * * [A]lthough the state is not required to present proof of fear or apprehension on the part of the victim, evidence has been admitted to prove that [the victim] was put in fear. The evidence was offered by the state to prove that the defendant threatened to inflict physical harm. If you find that [the victim] was placed in fear and that her fear was reasonable under the circumstances, and that this fear would cause a reasonable person to give up the property of [her employer], and she would

do this against her will, then you may find that the state has proved the elements of threat to inflict physical harm. The threat to inflict physical harm need not be explicit, but rather it can be implied from the defendant's demeanor and tone of voice.

{¶ 13} On appeal, the court's determination of what instructions to include will be reviewed under an abuse of discretion standard. *State v. Wolons*, 44 Ohio St.3d 64, 541 N.E.2d 443 (1989), paragraph two of the syllabus. Therefore, we must determine whether the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 14} Appellant objected at trial to this jury instruction arguing that "fear and apprehension" applied only to a determination of whether robbery by force, R.C. 2911.02(A)(3), had been proven, not physical-harm robbery, R.C. 2911.02(A)(2). Appellee argues the instruction is not erroneous because there was no mention of "force" and it was proper for the jury to consider the victim's "fear and apprehension" in determining whether appellant had threatened to inflict physical harm. We agree with appellee. The victim's state of mind was relevant to the jury in determining whether there was an implicit threat of physical harm. *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 23; *State v. Elsberry*, 12th Dist. Butler No. CA2011-12-221, 2013-Ohio-1378, ¶ 40. We find the trial court did not abuse its discretion in instructing the jury. Appellant's second assignment of error is not well-taken.

7.

**{¶ 15}** Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                                     JUDGE

Thomas J. Osowik, J.     

                                _____

James D. Jensen, P.J.                                                    JUDGE
CONCUR.

                                _____
                                                     JUDGE

8.