[Cite as *State v. Tillison*, 2019-Ohio-1395.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 18AP0047 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARCUS D. TILLISON | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2016 CRC-I 000371 |

### DECISION AND JOURNAL ENTRY

Dated: April 15, 2019

CALLAHAN, Judge.

**{¶1}** Appellant, Marcus Tillison, appeals his convictions for aggravated robbery and robbery. This Court affirms.

I.

**{¶2}** On October 24, 2016, a man contacted Wooster Taxi, LLC to arrange for transportation from the Buehler's parking lot in Wooster. The man instructed the driver to drive to Orrville then gave directions that led to a dead-end street. When the taxi reached its destination, the man stole cash from the driver and fled on foot. After calling the cell phone number from which the ride had been requested several times, the driver contacted the Orville Police Department to report the crime and drove to the police station. Police officers used a phone number provided by the driver to identify Mr. Tillison as a suspect, and the driver selected his picture from a photo array.

**{¶3}** Mr. Tillison was charged with aggravated robbery in violation of R.C. 2911.01(A)(1) and robbery in violation of R.C. 2911.02(A)(1), R.C. 2911.02(A)(2), and R.C. 2911.02(A)(3). A jury found him guilty of all charges and, after merging the robbery convictions with the aggravated robbery conviction for purposes of sentencing, the trial court sentenced Mr. Tillison to a seven-year prison term. Mr. Tillison filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

APPELLANT'S CONVICTIONS FOR AGGRAVATED ROBBERY, R.C. 2911.01(A)(1); ROBBERY, R.C. 2911.02(A)(1); ROBBERY, R.C. 2911.02(A)(2); AND ROBBERY, R.C. 2911.02(A)(3), WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE.

**{¶4}** Mr. Tillison's first assignment of error argues that his convictions are based on insufficient evidence. This Court does not agree.

**{¶5}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

**{¶6}** Mr. Tillison's first argument is that his conviction for robbery in violation of R.C. 2911.02(A)(1) and his conviction for aggravated robbery are supported by insufficient evidence because the State did not prove that he used a deadly weapon in commission of the offenses.

{¶7}  R.C. 2911.02(A)(1) provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control."  Similarly, R.C. 2911.01(A)(1) provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"  For purposes of both R.C. 2911.02(A)(1) and R.C. 2911.01(A)(1), the term "deadly weapon" is defined by R.C. 2923.11(A) as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."  *See* R.C. 2911.02(C)(1) and R.C. 2911.01(D)(1).

{¶8}  "[A] knife is not presumed to be a deadly weapon, even if it is concealed."  *Columbus v. Dawson*, 28 Ohio App.3d 45, 46 (10th Dist.1986), citing *Columbus v. Davis*, 10th Dist. Franklin No. 75AP-624, 1976 WL 189643 (May 6, 1976) and *State v. Colston*, 10th Dist. Franklin Nos. 77AP-734 and 77AP-735, 1978 WL 216660 (Feb. 16, 1978).  For purposes of R.C. 2923.11, the State must therefore prove beyond a reasonable doubt "either (1) that the knife was designed or specifically adapted for use as a weapon, or (2) that the defendant possessed, carried, or used the knife as a weapon."  *State v. Cathel*, 127 Ohio App.3d 408, 412 (9th Dist.1998), citing *Dawson* at 46.  Circumstantial evidence that is relevant to determining whether a knife was possessed, carried or used as a weapon includes the physical characteristics of the knife at issue; the reasons that the defendant articulated for carrying the knife, if any; evidence that the defendant possessed the knife for a purpose commonly associated with it; and the manner in which the defendant possessed the knife.  *See State v. Workman*, 84 Ohio App.3d 534, 536 (9th Dist.1992).

{¶9} In this case, the taxi driver testified that when he requested the fare, Mr. Tillison "was demanding my money[,]" and he noted that Mr. Tillison's voice was "aggressive." The driver recalled that he could tell that Mr. Tillison was serious from the tone of his voice, and he testified that he clearly saw a knife blade protruding from Mr. Tillison's sleeve when he demanded the money. The driver also noted that the incident occurred near midnight on a dead-end street. This testimony that Mr. Tillison carried the knife in his sleeve in a manner that displayed it as he demanded money from the driver in a dark location is sufficient for a jury to reasonably conclude that Mr. Tillison "possessed, carried, or used the knife as a weapon." *Cathel* at 412.

{¶10} Mr. Tillison's second argument is that his convictions for robbery in violation of R.C. 2911.02(A)(2) and R.C. 2911.02(A)(3) are supported by insufficient evidence because the State did not prove that he "harmed, attempted to harm, threatened to harm, used force against, or threatened to use force against" the taxi driver.

{¶11} R.C. 2911.02(A)(2) provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" The term "Physical harm" includes "any injury * * * regardless of its gravity or duration." R.C. 2901.01(A)(3). An implied threat of physical harm is sufficient to support a conviction under R.C. 2911.02(A)(2), and "[i]t is the very act of * * * indicating possession[] or using the weapon that constitutes the threat to inflict harm because it intimidates the victim into complying with the command to relinquish property without consent." *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, ¶ 23. "One cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without conveying an implied threat to inflict physical harm." *Id.* Testimony that a defendant communicated that he had a weapon in

connection with a demand for money "permits a reasonable inference of a threat of physical harm, which is sufficient for R.C. 2911.02(A)(2)." *State v. Ellis*, 10th Dist. Franklin No. 05AP-800, 2006-Ohio-4231, ¶ 7. In addition, a victim's testimony regarding fear that a defendant would cause physical harm if the victim did not comply indicates that force was threatened under R.C. 2911.02(A)(2). *See State v. Holliday*, 6th Dist. Lucas No. L-15-1264, 2017-Ohio-2581, ¶ 10. *See also State v. Hodges*, 9th Dist. Medina No. 15CA0056-M, 2016-Ohio-5461, ¶ 19-20.

{¶12} The taxi driver noted that a knife blade was visible in Mr. Tillison's sleeve when he extended his hand and demanded money, and the driver testified that fear motivated by the sight of the knife compelled him to give Mr. Tillison the money that he was carrying. This testimony was sufficient to establish a threat to cause physical harm for purposes of R.C. 2911.02(A)(2).

{¶13} R.C. 2911.02(A)(3) provides that "[n]o person, in attempting or committing a theft offense * * * shall * * * [u]se or threaten the immediate use of force against another." "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).

{¶14} For purposes of R.C. 2911.01(A)(3), the element of force is established "if the fear of the alleged victim was of such a nature as in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed." *State v. Davis*, 6 Ohio St.3d 91 (1983), paragraph one of the syllabus. Force is evaluated under an objective standard. *Id*. at 93-94. In other words, "evidence of whether the victims actually perceived a threat is not necessary; evaluation of the nature of a threat is subject to an objective, not subjective, test." *State v. Sumlin*, 8th Dist. Cuyahoga No. 76261, 2000 WL 776986, *2, citing *Davis* at 94. *See*

*also State v. Smith*, 9th Dist. Summit No. 27389, 2015-Ohio-2842, ¶ 18. The actions and demeanor of a defendant may support the conclusion that force was threatened. *Smith* at ¶ 18.

{¶15} The taxi driver characterized Mr. Tillison's voice as "aggressive" and noted that he was certain from Mr. Tillison's tone that his demand was serious. As mentioned above, Mr. Tillison demanded money from the driver as he demonstrated that he carried a knife in his sleeve. This evidence of Mr. Tillison's demeanor, in conjunction with the testimony that he displayed a knife while making a demand for money, is of a character that would be "likely to induce a person to part with property against his will[.]" *Davis* at paragraph one of the syllabus. The State, therefore, produced sufficient evidence that Mr. Tillison threatened the immediate use of force against the taxi driver as prohibited by R.C. 2911.02(A)(3).

{¶16} Mr. Tillison's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

APPELLANT'S CONVICTIONS FOR AGGRAVATED ROBBERY, R.C. 2911.01(A)(1), AND ROBBERY, R.C. 2911.02(A)(1), WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶17} Mr. Tillison's second assignment of error argues that his convictions for aggravated robbery and for robbery in violation of R.C. 2911.02(A)(1) are against the manifest weight of the evidence because the taxi driver's testimony that Mr. Tillison used a deadly weapon was not credible.

{¶18} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Otten* at 340, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶19} In support of this assignment of error, Mr. Tillison points to alleged inconsistencies between the taxi driver's previous statements and his testimony and to aspects of the driver's account that, in Mr. Tillison's estimation, defy common sense. Mr. Tillison argues that the driver testified that he could not see anything but the tip of the knife but, in a statement to police, testified that the knife had a "rounded bottom" and was "silver in color." The driver's recorded verbal statement was not admitted into evidence at trial. His written statement, however, was consistent with his testimony that he saw the tip of a knife, but not any part of the handle. The officer who took his written statement also confirmed that the driver could not describe the handle because it was tucked into Mr. Tillison's sleeve and that the driver did not specify which hand held the knife.

{¶20} The driver also acknowledged at trial that he did not tell the police at the time of the incident that he attempted calls to the phone number from which Mr. Tillison called him, but he also testified that he did provide that information to police at a later date. Sergeant Cory Seiler of the Orville Police Department testified that the driver volunteered the information during a follow-up interview when asked an open-ended question about whether there was anything else that he needed to tell police about the incident. According to Sergeant Seiler's recollection, the driver provided the same rationale for calling Mr. Tillison's phone number during that interview that he articulated at trial: that he was unsure whether the call had been from a telephone using a "spoofing" application that would mimic an incoming call from a different device.

**{¶21}** This Court must "'consider[] the credibility of witnesses'" as part of our manifest weight review. *Thompkins*, 78 Ohio St.3d at 387, quoting *Martin*, 20 Ohio App.3d at 175. Nonetheless, this Court is mindful of the well-established principle that a trier of fact enjoys the best position to assess the credibility of witnesses. *State v. Rivera*, 9th Dist. Lorain No. 18CA011263, 2019-Ohio-62, ¶ 39, quoting *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15. Given the evidence in this case, this Court cannot conclude that this is the exceptional case in which the evidence weighs heavily against the convictions.

**{¶22}** Mr. Tillison's second assignment of error is overruled.

III.

**{¶23}** Mr. Tillison's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MATTHEW J. MALONE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.